MORTIMER E. SERAT, Respondent, *v.* THE UTICA, ITHACA AND ELMIRA RAILWAY COMPANY, Appellant.

*Court of Appeals, April 30, 1886.*

Affirming 32 Hun, 642, Mem.

*Conversion.  Sale of property.*—Where a firm, of which plaintiff was a member, erected a certain trestle-work for the unloading and distribution of coal, under an agreement with the defendant, but on the condition that the materials used in the construction were to remain at all times the personal property of such firm, and the defendant thereafter wrongfully took possession of the materials and trestle-work and converted them to its own use, the plaintiff, to whom his partners had conveyed their interest in the material used in the trestle-work, can, after demand, maintain an action to recover the value of the same.  The defendant's wrongful act in taking possession of the property did not transfer the title thereof from the firm to it, nor operate as an excuse for its failure to surrender the property when demanded.  The property, by the conveyance from plaintiff's partners to himself, cease to be a partnership asset as against the defendant.

Appeal from a judgment of the general term of the supreme court in favor of plaintiff.

*Brown & Armstrong*, for appellant, Utica, I. and E. R'y Co.

*Smith & Robertson*, for respondent, Mortimer E. Serat.

DANFORTH, J.—The plaintiff sought in this action to recover damages for the conversion by the defendant of certain trestle-work constructed for the unloading and distribution of coal.  The answer put in issue the material allegations of the complaint.  The trial court found, upon evidence to the sufficiency of which no objection is made, that prior to the month of January, 1883, a copartnership

existed between the plaintiff, Swift, and Seth Serat, under the name of the Valley Coal Company; that it constructed a trestle-work in pursuance of a contract between the firm, the defendant, and a certain other railway company, but upon such conditions that the materials used in the construction of the trestle-work remained at all times the personal property of the firm, with the right to remove the same at any time; that in January, 1883, the defendant wrongfully took possession of the materials and trestle-work, and converted them to its own use; that afterwards, on the tenth day of July, 1883, two of the copartners, Seth Serat and Swift, assigned and transferred to the plaintiff their right, title, and interest in the material and timber used in said trestle-work, and afterwards, before the commencement of this action, and on the twelfth of July, 1883, the plaintiff demanded of the defendant the trestle-work and materials, and the possession of the same; that the defendant refused to give up the works, or the material thereof, or to allow the plaintiff to remove the same. The learned trial judge found that the property was worth $1,500; that it belonged solely to the plaintiff; and that the defendant was guilty of a conversion in refusing to allow the plaintiff to remove the same as demanded. He therefore directed judgment for this amount, with interest from the twelfth of July, 1883. It has been affirmed by the general term.

Upon this appeal the appellant raises two questions: *First*, whether there can be a second conversion of property; *second*, whether the findings of fact above referred to support the conclusion of law made by the trial judge. Neither question admits of doubt. The defendant's wrongful act in January, 1883, did not change the title to the trestle-work, and although its then owners, the Valley Coal Company, might have sued for its conversion, they did not, nor were they bound to do so. Instead of that, two of its three owners chose to sell their interest in the property to the third, and he, after demand, brought this action. The pre-

vious wrong on the defendant's part was no excuse for its failure to surrender the property when demanded, and the action was well brought by its then owner. As against the defendant, at any rate, the property has ceased to be a partnership asset. For anything within the record, the appeal is without excuse, and the judgment should be affirmed.

All concur.